**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| **SHERYL APPLEBY,** ) | |
|         **Plaintiff** ) | **Case No.:** |
| ) | |
| **v** ) | |
| ) | **COMPLAINT AND DEMAND FOR** |
| **ALLIED INTERSTATE LLC f/k/a** ) | **JURY TRIAL** |
| **ALLIED INTERSTATE, INC.,** ) | |
|         **Defendant** ) | **(Unlawful Debt Collection Practices)** |
| _____ ) | |

## COMPLAINT

SHERYL APPLEBY ("Plaintiff"), by and through her attorneys, ANGELA K. TROCCOLI, ESQUIRE and Kimmel & Silverman, P.C., allege the following against ALLIED INTERSTATE LLC f/k/a ALLIED INTERSTATE, INC. ("Defendant"):

### INTRODUCTION

1.      Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA").

### JURISDICTION AND VENUE

2.      Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3.      Defendant conducts business in the State of Connecticut and therefore, personal jurisdiction is established.

- 1 -

4.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5.      Plaintiff is a natural person residing in Cromwell, Connecticut 06416 at the time of the alleged harassment.

6.      Plaintiff is a "consumer" as that term is defined in 15 U.S.C. §1692a(3).

7.      Defendant is a national debt collection company with its corporate headquarters located at 335 Madison Avenue, 27th Floor, New York, New York 10017.

8.      Defendant is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6), and sought to collect a consumer debt from Plaintiff.

9.      Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10.     At all relevant times, Defendant was attempting to collect an alleged consumer debt from Plaintiff, originating from a Kohl's Department store account.

11.     The alleged debt at issue arose out of transactions, which were primarily for personal, family, or household purposes.

12.     Plaintiff never incurred any debt in connection with a business or commercial activities, and therefore, the debt, if truly owed by her, could have only arisen from a financial obligation for primarily personal, family or household purposes.

13.     Beginning in September 2012, and continuing through January 2013, Defendant repeatedly and continuously contacted Plaintiff on her cellular telephone seeking and demanding

payment on an alleged consumer debt.

14.     Defendant contacted Plaintiff, on average, two (2) to four (4) times a day, in its attempts to collect a debt.

15.     As a result, Plaintiff received more than ten (10) collection calls a week from Defendant.

16.     When contacting Plaintiff, Defendant would call her at times when it was inconvenient for her to receive collection calls.

17.     Specifically, in December 2012, Defendant called Plaintiff on her cellular telephone at 9:30 p.m., which is a per se inconvenient time to receive collection calls.

18.     Not wanting to receive Defendant's collection calls, Plaintiff would answer and hang up, clearly signaling that the calls were unwanted. Defendant immediately called back knowing that to do so was causing annoyance, abuse and harassment.

19.     Further, in its attempts to collect a debt, in January 2013, Defendant contacted Plaintiff's daughter-in-law, falsely claiming that it was attempting to locate Ms. Appleby and asking for contact information.

20.     At the time Defendant contacted the daughter-in-law, its collectors had already spoken with Plaintiff and possessed current contact information.

21.     Upon information and belief, Defendant contacted Plaintiff's daughter-in-law in an attempt to harass and abuse her, hoping that to do so would lead to payment on the alleged debt.

22.     When Plaintiff spoke with Defendant regarding its call to her daughter-in-law, the collector falsely claimed that the daughter-in-law's telephone number had been provided by Plaintiff.

23.     Plaintiff never provided her daughter-in-law's telephone number to Defendant.

24.     Upon information and belief, Defendant obtained Plaintiff's daughter-in-law's telephone number from a skip trace or other data service.

25.     Further, in its attempts to collect a debt, on or about December 1, 2012, Defendant threatened to seize Plaintiff's vehicle and to garnish her wages if she did not make payment on the alleged debt.

26.     Upon information and belief, not only did Defendant not intend to take the action it threatened, it legally could not garnish Plaintiff's wages and/or seize her vehicle, as Defendant had not filed any civil suit against Plaintiff and/or obtained a judgment against Plaintiff.

27.     Further, on several occasions between September 2012, and December 2012, Defendant threatened to file suit against Plaintiff if she did not make payment on the alleged debt.

28.     Upon information and belief, Defendant did not intend to take the action it threatened, as more than six months have passed since Defendant made these threats and it has not taken any legal action against Plaintiff.

29.     Desiring to stop the repeated and continuous collection calls, on January 10, 2013, Plaintiff remitted a payment on the alleged debt in the amount of $25.00 to Kohl's Department store; however, Defendant's calls did not stop.

30.     Most recently, Defendant contacted Plaintiff on January 14, 2013, in its attempts to collect a debt.

31.     Defendant's actions as described herein were taken with the intent to harass, abuse, upset and coerce payment from Plaintiff.

**DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT**
**COUNT I**

32.    Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. §1692c(a)(1).

       a.    A debt collector violates §1692c(a)(1) of the FDCPA by communicating with a consumer in connection with the collection of any debt at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer.   In absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8:00 a.m. and before 9:00 p.m., local time at the consumer's location.

       b.    Here, Defendant violated §1692c(a)(1) of the FDCPA when it called Plaintiff after 9:00 p.m.

**COUNT II**

33.    Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. §§1692d and 1692d(5).

       a.    Section 1692d of the FDCPA prohibits a debt collector from engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

       b.    Section 1692d(5) of the FDPCA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

       c.    Here, Defendant violated §§1692d and 1692d(5) of the FDCPA by calling Plaintiff on her cellular telephone two (2) to four (4) times a day, several days

each week, as well as calling Plaintiff back immediately after she hung up the phone, having the intent to annoy, abuse and harass Plaintiff.

**COUNT III**

34.     Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. §§1692e, 1692e(4), 1692e(5) and 1692e(10).

a.     A debt collector violates §1692e of the FDCPA by using false, deceptive or misleading representations or means in connection with the collection of any debt.

b.     A debt collector violates §1692e(4) of the FDCPA by representing or implicating that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action.

c.     A debt collector violates §1692e(5) of the FDCPA by threatening to take any action that cannot legally be taken or that is not intended to be taken.

d.     Section 1692e(10) of the FDCPA prohibits debt collectors from using any false representations or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

d.      Here, Defendant violated §§1692e, 1692e(4), 1692e(5) and 1692e(10) of the FDCPA by representing that it intended to file suit against Plaintiff, when it did not intend to take such action; threatening to seize her vehicle and garnish wages when it did not intend to take such action and/or did not have legal authority to take such action; and deceptively claiming to

Plaintiff that she provided her daughter-in-law's phone number to them so that they could contact the daughter-in-law.

## COUNT IV

35.    Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. §1692f.

a.    A debt collector violates §1692f of the FDCPA by using unfair or unconscionable means to collect or attempt to collect any debt.

b.    Here, Defendant violated §1692f of the FDCPA engaging in other unfair and unconscionable debt collection practices, including calling Plaintiff immediately back after she hung-up the phone as well as calling Plaintiff's daughter-in-law despite having Plaintiff's contact information and having spoken with Plaintiff, knowing that such conduct would embarrass Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, SHERYL APPLEBY, respectfully prays for a judgment as follows:

a.    All actual damages suffered pursuant to 15 U.S.C. §1692k(a)(1);

b.    Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. §1692k(a)(2)(A);

c.    All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. §1693k(a)(3); and

d.    Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, SHERYL APPLEBY, demands a jury trial in

this case.

DATED: 05/29/2013                    RESPECTFULLY SUBMITTED,

                                     SHERYL APPLEBY,
                                     By her Attorney,

                                     */s/* Angela K. Troccoli
                                     Angela K. Troccoli, Esquire, Id# ct28597
                                     Kimmel & Silverman, PC
                                     *The New England Office*
                                     136 Main Street, Suite 301
                                     Danielson, CT 06239
                                     (860) 866-4380
                                     atroccoli@creditlaw.com